**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

N.C., an infant under the age of eighteen, by his father and natural guardian, SHIRAZ COOPER, and SHIRAZ COOPER, Individually,

        Plaintiff,

v.

WEBER-STEPHEN PRODUCTS, LLC and TARGET CORPORATION,

        Defendants.

**COMPLAINT AND**
**DEMAND FOR JURY TRIAL**

Case No. _____

**COMPLAINT**

Plaintiffs, N.C., an infant under the age of eighteen, by his father and natural guardian, Shiraz Cooper, and Shiraz Cooper, Individually, files this Complaint against Defendants Weber-Stephen Products, LLC and Target Corporation (collectively "Defendants") and for his Complaint states, upon information and belief and based upon investigation of counsel, as follows:

**INTRODUCTION**

1. This is a personal injury case against Defendants who were responsible for designing, developing, researching, manufacturing, testing, packaging, promoting, marketing, advertising, distributing, labeling, and/or selling grill brushes containing defective and dangerous metal wire bristles, for the advertised and intended purpose of cleaning outdoor cooking grills and grill accessories.

2. These brushes were manufactured, designed, and marketed by Weber-Stephen Products, LLC (hereinafter, "Weber"), and sold nationwide directly through the company directly

and via retailers, including the mass-merchandise retailer Target Corporation (hereinafter, "Target).

3.     The defective and dangerous grill brushes were distributed and sold throughout the United States, despite all parties in the supply and retail chain knowing or having reason to know that the metal bristles could detach during ordinary use.

4.     As a result of the defective nature of Weber grill brushes, Plaintiff and his family, who purchases a Weber grill brush at Target, and used the Weber brush as intended, to clean grills and grilling equipment, were unwittingly and through no fault of their own, exposed to broken, defective, and dangerous metal wires and fragments.

5.     Through ordinary and foreseeable use of the grill brush products, these metal wires broke and dislodge from the brush, and entered into the family's outdoor grill. The grill surface, without the plaintiff's knowledge, contained metal bristles and bristle fragments, which then clung to and entered food cooked on the grill.

6.     Plaintiff's son ingested a hamburger which unknowingly contained Weber brush fragments; one large fragment became lodged in his throat, which required urgent medical intervention, including surgical excision of the fragment under anesthesia.

7.     Defendants concealed and continue to conceal their knowledge of Weber brushes unreasonably dangerous risks from Plaintiff, other consumers, and the appropriate safety and regulatory authorities. Specifically, Defendants failed to adequately inform consumers and the about the magnified risk of metal wires and fragments coming into contact with, and adhering to, food cooked on grills after ordinary use of the Weber grill brush on said grills.

8.     As a result of Defendants' actions and inactions, Plaintiff's was injured due to his ingestion of a metal shard, which required emergency treatment and surgery, and caused and will

continue to cause Plaintiff's injuries and damages. Plaintiff accordingly seeks damages associated with these injuries and sequelae.

## JURSIDICTION AND VALUE

9.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $150,000, exclusive of interest and costs, and because there is complete diversity of citizenship between Plaintiffs and the Defendants as Defendants are all incorporated and have their principal place of business in states other Plaintiffs' home state of New York.

10.     This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

11.     Further, a substantial part of the events and omissions giving rise to Plaintiffs' causes of action occurred in this district. Pursuant to 28 U.S.C. § 1391, venue is proper in this district.

## PLAINTIFF

**12.**     Plaintiff, N.C., an infant under the age of eighteen, by his father and natural guardian, Shiraz Cooper, and Shiraz Cooper, Individually, are residents of Suffolk County in the State of New York.

**13.**     Plaintiff Shiraz Cooper owned and used a Weber grill brush (model no. 6493) from December 2020 through May 2025, using the product as intended to clean his outdoor cooking grill.

**14.**     He used no other grill brushes or other devices containing metal wires when cleaning his grill from December 2020 through May 2025.

## DEFENDANTS

15.    Defendant Weber-Stephen Products, LLC, is a limited liability company duly organized pursuant to the laws of the State of Delaware with its headquarters located at 1415 South Roselle Road, Palatine, Illinois 60067.

16.    Weber designs, manufactures, markets, distributes, advertises, warrants, and sells grilling products, including grill brushes, throughout the United States, and in New York in particular.

17.    Defendant Target Corporation is a Minnesota corporation, which has its principal place of business at 1000 Nicollet Mall, Minneapolis, MN 55403.

18.    Target markets, distributes, warrants, and sells a variety of consumer products, including Weber grill brushes, via retail stores and its retail website Target.com, throughout the United States and in New York in particular.

19.    In doing the acts alleged herein, said Defendants were acting in the course and scope of such agency, representation, joint venture, conspiracy, consultancy, predecessor agreement, successor agreement, service and employment, with knowledge, acquiescence, and ratification of each other.

20.    On information and belief, Defendants have transacted and conducted business in the State of New York, and/or contracted to supply goods and services within the State of New York, and these causes of action have arisen from the same.

21.    On information and belief, at all relevant times, Defendants expected or should have expected that their acts would have consequences within the United States of America and the State of New York.

22.     On information and belief, at all relevant times, Defendants derived and derive substantial revenue from goods and products used in the State of New York and from interstate commerce.

23.     On information and belief, at all relevant times, Defendants committed tortious acts within the State of New York causing injury within the State of New York, out of which act(s) these causes of action arise.

## FACTUAL ALLEGATIONS

24.     Defendant Weber-Stephen Products, LLC is a major manufacturer of outdoor cooking equipment in the United States. Weber designs, manufactures, markets, and sells a variety of including outdoor grills, cooking equipment, and grilling accessories, including brushes used for cleaning outdoor grills and related equipment.

25.     Many of the Weber grill brushes were designed and manufactured with bristles comprised of metal wires. The metal-wire bristles were designed to come into direct contact with grills and other cooking equipment, for the purposes of dislodging char, good remnants, and grease from grills.

26.     Weber designed, manufactured, marketed and sold several varieties of grill brushes containing the metal-wire bristles, under Model Numbers 6277, 6278, 6463, 6464, 6493, and 6494: each model was intended to clean outdoor grills and grilling equipment.

27.     One such model, 6493, was manufactured by Weber from 2013-2021.[1] This grill brush has a 21" black plastic handle with black ring stamped with Weber grill logo and metal binder with Weber grill logo.

---

[1] https://www.cpsc.gov/Recalls/2026/Weber-Recalls-Over-3-2-Million-Metal-Wire-Bristle-Grill-Brushes-Due-to-Ingestion-Hazard (Last accessed March 19, 2026).

PLAINTIFFS' COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

28. Unbeknownst to the public, and to the Plaintiff and his family in particular, the metal bristles in the Weber grill brushes described above could break or otherwise detach during and following ordinary and intended use of the product, causing a safety risk due to the proximity to cooking implements and food.

29. Weber, and their retail setters including Target, knew or should have known that the metal bristles in their grill brushes posed a health and safety risk to the public, and to the plaintiff and his family in particular, but both Weber and Target failed at timely warning the public and removing the dangerous products from sale.

30. Instead, Weber, and their retail sellers including Target, engaged in marketing, advertising, and promotion of the defective and dangerous grill brushes through online and print advertisements, in-store promotional materials, website listings, and product packaging, all touting the purported efficacy and supposed durable construction of the grill brushes, despite knowing or having reason to know that these statements were false.

31. Weber guarantees "satisfaction" of their "quality" products, specifically those sold through authorized sellers such as Target.[2]

32. On December 1, 2020, and at dates and times prior, Plaintiff and his wife saw advertisements and marketing materials and statements about Weber metal-bristled grill brushes, promoting the alleged safety, durability, and efficacy of the product, which influenced Plaintiff and his wife in their purchasing decisions and led them to choose a Weber wire-bristled grill brush.

33. On December 1, 2020, Plaintiff's wife Claire Fedele purchased a Weber 21-inch three-sided grill brush from Target's website, as part of order number 916466684428, for $12.99. Below is a snippet from the Target.com confirmation email:

---

[2] https://www.weber.com/US/en/satisfactionguarantee.html (last visited March 19, 2026).

Here's your order #: 9167466684428.



**Weber 21" Three-Sided Grill Brush**

Qty: 1

$12.99 / ea

**Arriving by Tue, Dec 8**

34.    Upon information and belief, this brush is model number 6493, which was manufactured by Weber from 2013-2021.[3] This grill brush has a 21" black plastic handle with black ring stamped with Weber grill logo and metal binder with Weber grill logo.

35.    The Plaintiff and his family received the brush from Target in December 2020 and used the brush in its ordinary and intended manner of use: cleaning the family's outdoor cooking grill.

36.    On or shortly before May 24, 2025, Plaintiff and his wife used their Weber brush to clean the family grill.

---

[3] https://www.cpsc.gov/Recalls/2026/Weber-Recalls-Over-3-2-Million-Metal-Wire-Bristle-Grill-Brushes-Due-to-Ingestion-Hazard (Last accessed March 19, 2026).

37.    On May 24, 2025, Plaintiff and his wife prepared hamburgers for lunch and gave them to the infant-plaintiff, then aged 10.

38.    The infant-plaintiff ate the hamburger and immediately felt pain after a bite; it was painful and the child expressed that something felt stuck in his throat.

39.    Infant-plaintiff's mother brought him to urgent care, where an x-ray of the neck confirmed a residual foreign body in soft tissue.

40.    Infant plaintiff then went to Good Samaritan Hospital, where an additional x-ray confirmed an 11 mm wire in his throat, surgeons there were unable to locate the wire during a laryngoscopy on May 25, 2025.

41.    After a CT scan confirmed the wire was still present in the infant-plaintiff's throat on May 25, 2025, he was sent to Cohen's Children's Hospital for a micro-laryngoscopy under general anesthesia, where the metal bristle was removed from the infant-plaintiff's pharynx.

42.    Defendants, directly or through their agents, apparent agents, servants, or employees designed, manufactured, marketed, advertised, distributed, promoted, and sold defective and dangerous metal-bristled grill brushes.

43.    Defendants knew or should have known that their metal grill brushes at a propensity to lose bristles or bristle fragments in the course of foreseeable, customary, and intended use.

44.    The Weber metal wire grill brushes, including model number 6493, as well as models 277, 6278, 6463, 6464, and 6494 were formally recalled on February 26, 2026, with an advisory on the Consumer Product Safety Commission under recall number 26-282.[4]

---

[4] https://www.cpsc.gov/Recalls/2026/Weber-Recalls-Over-3-2-Million-Metal-Wire-Bristle-Grill-Brushes-Due-to-Ingestion-Hazard (Last accessed March 19, 2026).

PLAINTIFFS' COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

45.     The recall advised of the hazard of "Small metal wire bristles can detach from the brushes, stick to the grill or food, posing an ingestion hazard and risk of serious internal injuries that could require surgery." *Id.*

46.     The recall notice further advised that "Consumers should immediately stop using the recalled grill brushes and contact Weber for a cold cleaning nylon bristle grill brush replacement. Consumers will be asked to discard the recalled grill brushes." *Id.*

47.     Weber admitted that they were "aware of at least 38 reports and reviews where small wire bristles detached from the grill brushes, including four reports of consumers who swallowed metal bristles and sought medical treatment to remove the bristles from their digestive tract or throat." *Id.*

48.     Unbeknownst to the general public, and to the plaintiff and his family in particular, consumers have been complaining to Weber, to retailers, and to government safety agencies for years prior to the sale of the particular product at issue here, and the infant-plaintiff's resulting injury, without any action or warning on the part of Weber or their retailer Target.[5]

49.     The products affected by the recall included the brush the Plaintiff's wife purchased from Target in 2020, as it encompassed grill brushes that were  sold online and in stores at Lowe's, Home Depot, Ace Hardware, and Target, and online at Amazon and Weber.com from 2011 through 2026 for between $10 and $17. The products have also been found on resale sites, such as eBay.com. *Id.*

50.     On February 27, 2026, Plaintiff's wife received an email from Target Guest Services advising her of the recall of the brush from her December 1, 2020 order:

---

[5] https://www.saferproducts.gov/PublicSearch/Detail?ReportId=1257243 (Last accessed March 19, 2026).

We became aware of a product recall involving an item from your order (Order #9167466684428).

- **Recalled item:** Weber Metal Wire Bristle Grill Brushes
- **Recall description:** Small metal wire bristles can detach from the brushes, stick to the grill or food, posing an ingestion hazard and risk of serious internal injuries that could require surgery.
- **What to do next:**
  - If you have already received this item, **call Weber toll-free at** Call us at 877-597-9588 **from 8 a.m. to 5 p.m. ET Monday through Friday or online at https://weberbrushrecall.expertinquiry.com/ or https://www.weber.com and click on the Recall Notice on the bottom of the page for more information..**
  - For more information about this recall, visit our Product Recalls help page.
  - If this item was given to someone else, please notify the recipient as soon as possible and provide the links above.

51. Consumers, including the Plaintiff, who have used the Weber grill brushes to clean grills and other cooking implements had not been adequately warned about the significant risks of use of the product as intended, prior to the February 2026 recall.

52. Defendants, through their affirmative misrepresentations and omissions, actively concealed from Plaintiff and his family the true and significant risks associated with using metal-bristled brushes as intended.

53. Defendants concealed and continue to conceal their knowledge that metal-bristled grill brushes can cause injuries from the Plaintiff and infant-plaintiff, other consumers, and the public at large.

54. As a result of Defendants' actions and inactions, Infant-Plaintiff was injured due to his accidental ingestion of a metal bristle, which had adhered to a hamburger cooked on his family's grill, which caused and will continue to cause Plaintiff various injuries and damages. Plaintiff accordingly seeks damages associated with these injuries.

55. As a direct result of ingesting this Weber metal bristle, Plaintiff has been permanently and severely injured.

56. The Infant-Plaintiff, as a direct and proximate result of the defective product, suffered severe mental and physical pain and suffering and has and will sustain permanent injuries

and emotional distress, along with economic loss due to medical expenses, all at an amount above the statutory minimum.

57.     Plaintiff and his family would not have purchased or used a Weber metal wire grill brush had Defendants properly disclosed the risks associated with use of the product as intended.

## DANGEROUS DESIGN

58.     The Weber grill brush was designed in such a way to render it defective and dangerous when used in an ordinary and foreseeable way.

59.     Even when used for its express and intended purpose, the Weber grill brush is defective and dangerous.

60.     The brushes at issue are comprised of metal wire bristles, which are thin and brittle, and can break or otherwise detach from the brush head in the normal course of use.

61.     The wire bristles are small, thin, and made of metal. They can become stuck on grill grates and pierce become embedded in food products, including char remnants and fresh food being cooked on the grill. These small black wires are difficult to spot with the naked eye.

62.     Humans are not meant to ingest metal or sharp objects; the metal bristles pose both a chocking hazard and a risk to internal damage of bodily organs, including the mouth, throat, digestive tract, and stomach, with attendant risk of bleeding and infection.

63.     Despite these known hazards, the product was never redesigned to include safer or more secure bristles; Weber instead continued to make multiple versions of metal-bristled brushes, which all entered the stream of commerce though retailers such as Target.

64.     Safter alternative designs, which were reasonable, and feasible, existed and were known to Weber prior to December 2020 when plaintiff purchased the product, but defendant failed to implement design changes to make the product safer.

65.     Weber and their retailers including Target, were on notice of the inherently dangerous nature of metal wire grill brushes, but continued to design, manufacture, market, distribute and sell the product without warning to the public or the plaintiff in particular.

## **FRAUDULENT CONCEALMENT**

66.     The running of any statute of limitations has been tolled by reason of Defendants' fraudulent concealment. Defendants, through affirmative misrepresentations and omissions, actively concealed from Plaintiff, and the general public the true risks associated with metal-bristled grill brushes.

67.     Weber and its retail partners, including Target, promoted the wire-bristled grill brushes as safe, and effective grill cleaning tools, made with quality and durability in mind. The advertising emphasized durability and performance, holding out to the Plaintiff, and to the public, that the brushes were safe when used as intended.

68.     Prior to the February 2026 recall, Defendant Weber and its retail partners including Target, failed to disclose in any public advertisement or notice, that ordinary use of the product put the public at risk of injury, that the wire bristles are known to detach from the brush, and that the bristles may be accidentally ingested due to their proximity to food. This represents deceptive and fraudulent marketing and advertising practices.

69.     As a result of Defendants' actions, Plaintiff and the public at large were unaware, and could not reasonably have known or have learned through reasonable diligence, that they had been exposed to the risks alleged herein and that those risks were the direct and proximate result of Defendants' acts and omissions.

## CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**Violation of New York Deceptive Acts and Practices Law**
**New York General Business Law § 349**
**(As to All Defendants)**

70.     Plaintiff repeats, reiterates and re-alleges each and every allegation of this Complaint contained in the paragraphs above, with the same force and effect as if fully set forth herein.

71.     It is a violation of New York General Business Law Section 349 ("GBL § 349") to engage in "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state . . ."

72.     The conduct of Defendants alleged herein constitutes recurring, "unlawful" deceptive acts and practices in violation of GBL § 349.

73.     Defendants owed the public, and the plaintiffs, a duty to accurately label, advertise, market and sell their products to consumers, which they violated through misleading and deceptive statements, actions, and omissions.

74.     Defendants failed to disclose material and necessary warnings to consumers about the safety and efficacy of the Weber wire-bristle grill brushes, and wrongfully warranted the products as durable, quality, effective and safe.

75.     Defendants made these misrepresentations negligently, as well as intentionally, recklessly, willfully and wantonly.

76.     These material misstatements caused plaintiff and his family to purchase and use the defective product.

77.     By reason of wrongful acts engaged in by the Defendants, the Plaintiff and Infant-Plaintiff suffered ascertainable loss and damages for which the Plaintiff is now entitled to recover.

78.     As a direct and proximate result of the Defendants' wrongful conduct, the Plaintiffs were damaged by paying in whole or in part for the Weber grill brush and for the Infant-Plaintiff's medical treatment. Plaintiff is now entitled to recover those damages.

79.     As a direct and proximate result of the Defendants' violations of unfair trade practices, the Plaintiff sustained economic losses and other damages for which the Plaintiff is entitled to statutory and compensatory damages and attorneys' fees, in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**
**Violation of New York False Advertising Law**
**New York General Business Law § 350**
**(As to All Defendants)**

80.     Plaintiff repeats, reiterates and re-alleges each and every allegation of this Complaint contained in the paragraphs above, with the same force and effect as if fully set forth herein.

81.     It is a violation of New York General Business Law Section 350 ("GBL § 349") to engage in False advertising in the conduct of any business, trade, or commerce or in the furnishing of any service"

82.     GBL § 350-a provides that "false advertising" includes:

> [L]abeling, of a commodity, or of the kind, character, terms, or conditions of any employment opportunity if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity or employment to which the advertising relates under the conditions proscribed in said advertisement, or under such conditions as are customary or usual.

83. At all times relevant to the complaint herein, Defendants owed the public, and the plaintiffs, a duty to accurately label, advertise, market and sell their products to consumers, which they violated through misleading and deceptive statements, actions, and omissions.

84. At all times relevant to the complaint herein, Defendants' labeling, advertisements and marketing materials contained untrue and materially misleading statements and omissions concerning its wire-bristled grill brushes as they misrepresented that the grill brushes were safe for use and does not indicate that the bristles may loosen or detach during routine use, nor that the detached bristled posed a risk of injury to consumers.

85. Defendants failed to disclose material and necessary warnings to consumers about the safety and efficacy of the Weber wire-bristle grill brushes, and wrongfully warranted the products as durable, quality, effective and safe.

86. Defendants made these misrepresentations negligently, as well as intentionally, recklessly, willfully and wantonly.

87. These material misstatements in the advertising, packaging, labeling, and promotional and marketing materials caused plaintiff and his family to purchase and use the defective product, and resulted and caused injury to the infant-plaintiff.

88. Defendants' conduct constitute violations of N.Y. Gen. Bus. Law § 350.

89. Defendants made the material misrepresentations described herein in its advertising and marketing materials, and on the grill brush's packaging and labeling.

90. By reason of wrongful acts engaged in by the Defendants, the Plaintiff and Infant-Plaintiff suffered ascertainable loss and damages for which the Plaintiff is now entitled to recover.

91.    As a direct and proximate result of the Defendants' wrongful conduct, the Plaintiffs were damaged by paying in whole or in part for the Weber grill brush and for the Infant-Plaintiff's medical treatment. Plaintiff is now entitled to recover those damages.

92.    As a direct and proximate result of the Defendants' violations of unfair trade practices, the Plaintiff sustained economic losses and other damages for which the Plaintiff is entitled to statutory and compensatory damages and attorneys' fees, in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
### Violation of New York False Advertising Law
### New York General Business Law § 350
### (As to All Defendants)

93. Plaintiff repeats, reiterates and re-alleges each and every allegation of this Complaint contained in the paragraphs above, with the same force and effect as if fully set forth herein.

94.    Plaintiffs conferred benefits upon Defendants.

95.    Plaintiffs paid money for Defendants' defective product that they would not have purchased or would not have purchased on the same terms had they known that the grill brush was unsafe.

96.    Defendants unjustly retained the benefits conferred upon by Plaintiffs.

97.    Defendant retained those benefits under circumstances that make it inequitable and wrong for Defendant to retain such benefits: that wire-bristled grill brushes were unsafe and could not perform as advertised and as intended.

98.    If Plaintiff and his family had known the true nature the grill brush at issue, they would not have purchased it.

99.    Plaintiffs are therefore entitled to disgorgement, restitution, and other damages as as requested herein and as just under principles of law and equity.

## FOURTH CAUSE OF ACTION
## DESIGN DEFECT
## (As to Weber-Stephen Products, LLC)

100.    Plaintiff repeats, reiterates and re-alleges each and every allegation of this Complaint contained in the paragraphs above, with the same force and effect as if fully set forth herein.

101.    Plaintiff's damages were caused by characteristics of the Weber wire-bristle brushes designed by the Defendants that rendered the product unreasonably dangerous after a reasonably anticipated use of the products by Plaintiff making Defendants strictly liable to Plaintiff pursuant to New York products liability common law.

102.    On a date prior to the date of sale to the Plaintiff in December 2020, and all relevant times before; Defendant Weber defectively designed, manufactured, assembled, tested, marketed, distributed, advertised, and/or sold the subject wire-bristled grill brush, which was inherently unsafe due to its very design, which rendered the product unsafe from the moment it left the point of sale and was used by the consumer, including the plaintiff, as intended.

103.    Defendant had a duty to exercise reasonable care in the design of the grill brushes to avoid unreasonable, foreseeable risks of harm where safer, feasible alternatives existed.

104.    The choice to utilize metal wires as bristles, as well as other choices including the choice of handle and bristle head shape, all converged in a product that loses bristles when an ordinary and foreseeable amount of pressure is applied as intended, when using the brush to clean char and food remnants from grills and grilling equipment.

105.    The product as designed, will lose bristles through detachment and breakage, which then can, and have, come into contact with, and become embedded in, food being prepared for

human consumption, causing and allowing the metal bristles to unknowingly enter the bodies of unsuspecting persons.

106.    Viable, feasible, and safer alternative designs were readily available prior to December 1, 2020, when plaintiff's family purchased the product, including bristle-free scrapers; brushes with silicone bristles (or other materials less inclined to beak and detach); better securing mechanisms to successfully secure bristles to the brush-head; and appropriate and accurate testing, labeling, and marketing.

107.    Defendants instead chose to continue producing and selling its defective and dangerous product, all to the damage of the plaintiffs and the public.

108.    As a direct and proximate result of the aforesaid conduct of Defendants, infant-plaintiff sustained serious, severe and permanent personal injuries and has been rendered sick, sore, lame and disabled and continues to be and remain sick, sore, lame and disabled; has been compelled and will continue to expend sums of money for hospital and medical care and treatment in an endeavor to cure himself of his injuries, pain and suffering, and was otherwise damaged.

109.    That by reason of the foregoing, infant-plaintiff, was compelled to seek and obtain medical aid and attention and did necessarily pay and become liable therefore, for medicines and medical care and, upon information and belief, the plaintiff will necessarily incur further similar expenses.

110.    As a result of the foregoing, plaintiffs have been damaged in a sum that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

## FIFTH CAUSE OF ACTION
## MANUFACTURING DEFECT
### (As to Weber-Stephen Products, LLC)

111.    Plaintiff repeats, reiterates and re-alleges each and every allegation of this Complaint contained in the paragraphs above, with the same force and effect as if fully set forth herein.

112.    At all times herein mentioned, Defendant Weber's metal-bristled grill brush was used in the manner expected and intended by the Plaintiff.

113.    The Defendant Weber's metal-bristled grill brush was defective at the time of their manufacture, development, production, testing, inspection, endorsement, sale, and distribution, and at the time they left the possession of the Defendants, in that, and not by way of limitation, the products differed from the Defendants' intended result and intended design and specifications, and from other ostensibly identical units of the same product line.

114.    As a direct and proximate result of the aforesaid conduct of Defendants, infant-plaintiff sustained serious, severe and permanent personal injuries and has been rendered sick, sore, lame and disabled and continues to be and remain sick, sore, lame and disabled; has been compelled and will continue to expend sums of money for hospital and medical care and treatment in an endeavor to cure himself of his injuries, pain and suffering, and was otherwise damaged.

115.    That by reason of the foregoing, infant-plaintiff, was compelled to seek and obtain medical aid and attention and did necessarily pay and become liable therefore, for medicines and medical care and, upon information and belief, the plaintiff will necessarily incur further similar expenses.

116.    As a result of the foregoing, plaintiffs have been damaged in a sum that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

## SIXTH CAUSE OF ACTION
## FAILURE TO WARN
## (As to All Defendants)

117.    Plaintiff repeats, reiterates and re-alleges each and every allegation of this Complaint contained in the paragraphs above, with the same force and effect as if fully set forth herein.

118.    That these defendants' subject products, which gave rise to the subject actualized hazard, were reasonably unsafe.

119.    That these defendants knew or should have known that its subject products were unreasonably dangerous.

120.    That these defendants had and breached a legal duty to inform, warn, or provide instructions involving their subject products, and the resultant subject hazards imposed, at any time relevant to its sale to end users, such as American Airlines.

121.    That end users, such as the plaintiff, specifically as applied to the subject grill brush, had no way to ascertain on their own the unreasonably dangerous condition resulting from the subject hazard, because the subject hazard was not open and obvious, as the bristles and bristle fragments are small and difficult to see against the backdrop of a dark-colored grill and grill grates.

122.    As a direct and proximate result of these defendants' tortious conduct as set forth supra, each and every plaintiff suffered separate, distinct, and individual legal injuries.

123.    As a direct and proximate result of the aforesaid conduct of Defendants, infant-plaintiff sustained serious, severe and permanent personal injuries and has been rendered sick, sore, lame and disabled and continues to be and remain sick, sore, lame and disabled; has been compelled and will continue to expend sums of money for hospital and medical care and treatment in an endeavor to cure himself of his injuries, pain and suffering, and was otherwise damaged.

124.    That by reason of the foregoing, infant-plaintiff, was compelled to seek and obtain medical aid and attention and did necessarily pay and become liable therefore, for medicines and medical care and, upon information and belief, the plaintiff will necessarily incur further similar expenses.

125.    As a result of the foregoing, plaintiffs have been damaged in a sum that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

## SEVENTH CAUSE OF ACTION
## STRICT LIABILITY
## (As to All Defendants)

126.    Plaintiffs hereby incorporate by reference all previous paragraphs of this Complaint as if fully set forth herein and further allege as to Defendants as follows:

127.    At all times relevant to the complaint herein,  Defendants, by and through their duly authorized agents and/or employees, owned, operated, managed, maintained and controlled the subject wire-bristled grill brush.

128.    On December 1, 2020, and all relevant times before, Defendants, defectively designed, manufactured, assembled, tested, serviced, and/or sold the subject grill brush and various components comprising, but not limited to, nearly every component or sub-component in the subject grill brush, which negatively and unsafely prevented the brush from operating as intended.

129.    Purportedly, Weber's design and engineering team has a wealth of experience in developing technically advanced products which are meant to be durable, reliable, safe and effective.

130. Purportedly, Target's purchasing and supply chain and other related departments had a wealth of knowledge and experience in choosing durable, reliable, safe and effective products to be held out for sale in its stores and on its website.

131. From December 1, 2020 to May 24, 2025, and dates prior thereto, these defendants had knowledge, or should have had knowledge, of numerous accidents, incidents, and consumer injuries directly and proximately caused by the subject grill brushes.

132. From December 1, 2020 to May 24, 2025, and dates prior thereto, despite their knowledge of the defective and dangerous nature of the product, defendants did not reconfigure the design or manufacturing of the product; nor did they issue warnings or remove the product from the stream of commerce, all which is directly and causally linked to the infant-plaintiff's accident.

133. At all relevant times hereto, these defendants owed plaintiffs the duty to design, manufacture, distribute, market, advertise, and sell the subject grill brush in a reasonable safe condition.

134. From December 1, 2020 to May 24, 2025, and dates prior thereto, defendants breached their duty to the public, and the plaintiffs in particular, in failing mitigate the subject hazard in the particular grill brush it issue in this matter but also all Weber wire bristle grill brushes for sale and in use by the unsuspecting public, including the plaintiff.

135. As a direct and proximate result of these defendants' tortious conduct as set forth supra, each and every plaintiff suffered separate, distinct, and individual legal injuries.

136. As a direct and proximate result of the aforesaid conduct of Defendants, infant-plaintiff sustained serious, severe and permanent personal injuries and has been rendered sick, sore, lame and disabled and continues to be and remain sick, sore, lame and disabled; has been

compelled and will continue to expend sums of money for hospital and medical care and treatment in an endeavor to cure himself of his injuries, pain and suffering, and was otherwise damaged.

137.    That by reason of the foregoing, infant-plaintiff, was compelled to seek and obtain medical aid and attention and did necessarily pay and become liable therefore, for medicines and medical care and, upon information and belief, the plaintiff will necessarily incur further similar expenses.

138.    As a result of the foregoing, plaintiffs have been damaged in a sum that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

## EIGHTH CAUSE OF ACTION
### [Negligence as to All Defendants]

139.    Plaintiffs hereby incorporate by reference all previous paragraphs of this Complaint as if fully set forth herein and further allege as to Defendants as follows:

140.    That these defendants had a legally recognized duty and breached said duty to the Plaintiffs exercise due and reasonable care in the design, testing, manufacture, marketing, labeling, warnings, instructions, promotion, advertisement, distribution and sale of the subject grill brushes.

141.    This duty to the Plaintiffs existed prior to the purchase of the product on December 1,2020 and continued after sale of the product until and through May 24, 2025, when the infant-plaintiff was injured by the subject grill brush.

142.    Defendants breached their duty by negligently designing, testing, manufacturing, labeling, promoting, advertising, marketing, distributing, and selling a product that they knew or should have known was defective and dangerous product when used in its normal, reasonable, foreseeable and intended manner, which they sent out into the stream of commerce and sold to the plaintiff without any proper warnings or instructions which would warn the plaintiffs of the defective and dangerous nature of the product.

143.     Defendants further breached their duties to the plaintiffs by failing to warn the plaintiffs at any point after sale of the product, through a recall, warnings, alerts, or additional instructions, at any point from the date of sale on December 1, 2020 until the date of injury of the infant-plaintiff on May 24, 2025, despite knowing or having reason to know the risks the product posed to consumers.

144.     That the product would break and become defective and dangerous was known to defendant prior to both the date the plaintiff purchased and the date his child was injured, and the ability to create a safer product, or at least warn the plaintiff of the risks of the product, was both reasonable and possible for defendants, but they failed to take any measures to protect the plaintiffs, and the public, from the dangerous of the product.

145.     As a direct and proximate result of the aforesaid conduct of Defendants, infant-plaintiff sustained serious, severe and permanent personal injuries and has been rendered sick, sore, lame and disabled and continues to be and remain sick, sore, lame and disabled; has been compelled and will continue to expend sums of money for hospital and medical care and treatment in an endeavor to cure himself of his injuries, pain and suffering, and was otherwise damaged.

146.     That by reason of the foregoing, infant-plaintiff, was compelled to seek and obtain medical aid and attention and did necessarily pay and become liable therefore, for medicines and medical care and, upon information and belief, the plaintiff will necessarily incur further similar expenses.

147.     As a result of the foregoing, plaintiffs have been damaged in a sum that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

**NINTH CAUSE OF ACTION**
**BREACH OF IMPLIED WARRANTY**
**(As to All Defendants)**

148.    Plaintiff repeats, reiterates and re-alleges each and every allegation of this Complaint contained in the paragraphs above, with the same force and effect as if fully set forth herein.

149.    Defendants are merchants that designed, manufactured, advertised, marketed, distributed, and sold the defective grill brush with the intended purpose of use as a cleaning implement for cooking grills and related equipment.

150.    An implied warranty arose that the grill brushes were fit for the ordinary purposes for which such goods are used, including safe cleaning of an outdoor cooking grill.

151.    The grill brush was not a merchantable product at the time of sale because of its inherently defective and dangerous nature, which posed risks to consumers when used in its normal, reasonable, and intended manner.

152.    Defendants knew or had reason to know of the defective and dangerous nature of the product, at all times prior to the sale of the product and continuing through when the infant plaintiff was injured on May 24, 2025, yet they took no steps to remediate the issue, replace the product with a safer alternative, recall the product, or warn the plaintiff or provide supplemental instructions to the plaintiff at a time when the injury to his child could be prevented.

153.    Plaintiff purchased an authentic Weber wire-bristled grill brush through Weber's authorized retailer Target; in a verified purchase on Target's website; as such, all requirements of privity are satisfied as the purchase was made through approved and official retail channels and/or because the plaintiffs were intended beneficiaries or third-parties of Defendants' warranties.

154.    Any purported warranty disclaimer or limitation is unenforceable because it was not conspicuous, is unconscionable given the undisclosed safety defect, and in all events any limited remedy failed of its essential purpose.

155.    Defendants had actual and constructive notice due to prior complaints from consumers regarding the defective and dangerous grill brush.

156.    As a direct and proximate result of the aforesaid conduct of Defendants, infant-plaintiff sustained serious, severe and permanent personal injuries and has been rendered sick, sore, lame and disabled and continues to be and remain sick, sore, lame and disabled; has been compelled and will continue to expend sums of money for hospital and medical care and treatment in an endeavor to cure himself of his injuries, pain and suffering, and was otherwise damaged.

157.    That by reason of the foregoing, infant-plaintiff, was compelled to seek and obtain medical aid and attention and did necessarily pay and become liable therefore, for medicines and medical care and, upon information and belief, the plaintiff will necessarily incur further similar expenses.

158.    As a result of the foregoing, plaintiffs have been damaged in a sum that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

## TENTH CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY
### (As to All Defendants)

159.    Plaintiff repeats, reiterates and re-alleges each and every allegation of this Complaint contained in the paragraphs above, with the same force and effect as if fully set forth herein.

160.    Defendants are merchants that designed, manufactured, advertised, marketed, distributed, and sold the defective grill brush with the intended purpose of use as a cleaning implement for cooking grills and related equipment.

161.    An express warranty arose that the grill brushes were fit for the ordinary purposes for which such goods are used, including safe cleaning of an outdoor cooking grill, due to the representations by Weber and Target in their advertisements, marketing, and labeling of the product, in that the product was expressly represented to be safe, durable, reliable, of quality, and safe.

162.    The grill brush was not a merchantable product at the time of sale because of its inherently defective and dangerous nature, which posed risks to consumers when used in its normal, reasonable, and intended manner.

163.    Defendants knew or had reason to know of the defective and dangerous nature of the product, at all times prior to the sale of the product and continuing through when the infant plaintiff was injured on May 24, 2025, yet they took no steps to remediate the issue, replace the product with a safer alternative, recall the product, or warn the plaintiff or provide supplemental instructions to the plaintiff at a time when the injury to his child could be prevented.

164.    Defendants had a duty to expressly and explicitly warn of the risk of injury when using the product in a reasonable, foreseeable, and intended manner.

165.    Defendants furth had a duty to disclose adverse material facts when making representations to the public at large, including Plaintiffs, about the safety, durability, reliability, quality, and efficacy of the product.

166.    Plaintiff and his family relied on the representations by Defendants that the product was safe for its intended purpose, and were induced to purchase and use the product based on these representations; and as a result, the infant plaintiff was seriously injured.

167.    Plaintiff and his family had no knowledge of the true defective and dangerous nature of the products, which was known only to defendants.

168.    Plaintiff justifiably and detrimentally relied on the warranties and representations of Defendants in the purchase and use of the product.

169.    Defendants had sole access to material facts concerning the defects, and Defendants knew that users, such as Plaintiff, could not have reasonably discovered such defects.

170.    By the conduct alleged, Defendants, their agents and employees expressly warranted to Plaintiff that the products were merchantable and fit for the purpose intended.

171.    This warranty was breached because the grill brush was actually not safe and effective as Defendants had represented, and Infant-Plaintiff suffered injuries as a result.

172.    Plaintiff purchased an authentic Weber wire-bristled grill brush through Weber's authorized retailer Target; in a verified purchase on Target's website; as such, all requirements of privity are satisfied as the purchase was made through approved and official retail channels and/or because the plaintiffs were intended beneficiaries or third-parties of Defendants' warranties.

173.    Any purported warranty disclaimer or limitation is unenforceable because it was not conspicuous, is unconscionable given the undisclosed safety defect, and in all events any limited remedy failed of its essential purpose.

174.    Defendants had actual and constructive notice due to prior complaints from consumers regarding the defective and dangerous grill brush.

175. As a direct and proximate result of the aforesaid conduct of Defendants, infant-plaintiff sustained serious, severe and permanent personal injuries and has been rendered sick, sore, lame and disabled and continues to be and remain sick, sore, lame and disabled; has been compelled and will continue to expend sums of money for hospital and medical care and treatment in an endeavor to cure himself of his injuries, pain and suffering, and was otherwise damaged.

176. That by reason of the foregoing, infant-plaintiff, was compelled to seek and obtain medical aid and attention and did necessarily pay and become liable therefore, for medicines and medical care and, upon information and belief, the plaintiff will necessarily incur further similar expenses.

177. As a result of the foregoing, plaintiffs have been damaged in a sum that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

## ELEVENTH CAUSE OF ACTION
## ON BEHALF OF THE FATHER
### (As to All Defendants)

178. Plaintiff repeats, reiterates and re-alleges each and every allegation of this Complaint contained in the paragraphs above, with the same force and effect as if fully set forth herein.

179. Plaintiff, Shiraz Cooper, was and still is the lawful father of the infant plaintiff, N.C., and as such was entitled to his services.

180. At all times herein referred to, plaintiff, Shiraz Cooper, has been deprived of the support and services of the infant plaintiff N.C. all to his damage.

181. As a result of the foregoing, plaintiff Shiraz Cooper has been and will be, obligated to expend money for medical care and treatment in an effort to alleviate the injuries of infant

plaintiff N.C., has been and will be obligated for continued support and special care of infant plaintiff, has been and will be required to render aid, help, and services to Infant- plaintiff, and will be deprived of the society, assistance and services of infant-plaintiff.

182.   As a result of the foregoing, plaintiff, Shiraz Cooper, claims damages in a sum in excess of the jurisdictional limits of all lower courts which might otherwise have jurisdiction.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs demands judgment against Defendants, as follows:

a.   Awarding compensatory damages to the Plaintiffs in an amount to be determined at trial;

b.   Awarding plaintiff actual damages;

c.   Awarding pre-judgment and post-judgment interest to the Plaintiffs;

d.   Awarding the costs and the expenses of this litigation to the Plaintiffs;

e.   For declaratory and equitable relief, including restitution and disgorgement;

f.   Awarding reasonable attorneys' fees and costs to the Plaintiffs as provided by law;

g.   Awarding punitive damages to the Plaintiffs;

h.   Granting all such other relief as the Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs N.C., an infant under the age of eighteen, by his father and natural guardian, SHIRAZ COOPER, and SHIRAZ COOPER, Individually, hereby demand a trial by jury on all counts and as to all issues.

Date: March 20, 2026

/s/ Hunter J. Shkolnik
Hunter J. Shkolnik
**NS PR LAW SERVICES, LLC**

PLAINTIFFS' COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

1302 Avenida Ponce de Leon
Santurce, Puerto Rico 00907
(787) 493-5088
hunter@nsprlaw.com

/s/ Joseph L. Ciaccio
Joseph L. Ciaccio
**NAPOLI SHKOLNIK PLLC**
400 Broadhollow Road
Melville, New York 11747
(212) 397-1000
jciaccio@napolilaw.com